**DeMarco•Mitchell, PLLC**
Robert T. DeMarco
Michael S. Mitchell
1255 West 15th St., 805
Plano, TX 75075
**T** 972-578-1400
**F** 972-346-6791

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| IN RE: | Case No.: 10-43554 |
| **CENTER POINT DAIRY LIMITED, L.P.** | Chapter: 11 |
| 75-2699811 | |
| 6414 FM 2653 S | HEARING DATE: October 18, 2010 |
| Cumby, TX 75433 | HEARING TIME: 10:00 a.m. |
| Debtor(s). | |

### DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING
### THE INTERIM AND FINAL USE OF CASH COLLATERAL

### NOTICE

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

**COMES NOW**, Center Point Dairy Limited, L.P., Debtor and Debtor in possession in the above-styled and numbered case (the "Debtor"), and files this *Debtor's Emergency Motion for Order Authorizing the Interim Use of Cash Collateral* by and through the undersigned attorney. The Debtor requests the entry of an interim order substantially in the form attached hereto as Exhibit "A" (the "interim Order") and a final order (the "Final Order", and in conjunction with the Interim Order, the "Cash Collateral Orders"), pursuant to 11 U.S.C. §§ 105, 361, and 363 and Federal Rules of Bankruptcy Procedure 4001 and 9014:  (a) authorizing the Debtor to use the cash collateral of the Secured Lender (defined *infra*) and granting adequate protection thereto; and (b) prescribing the form and manner of notice and setting the time for the final hearing on this Motion (the "Final Hearing").  The facts and circumstances supporting this Motion are set forth in the Affidavit of Inge Heijligers (the "Heijligers Affidavit"), filed concurrently herewith.  In support thereof the Debtor respectfully shows the Court as follows:

## I. <u>JURISDICTION</u>

1.      The Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §1334(b) and the standing order of reference of the District Court. This matter is a core proceeding.  28 U.S.C. §§ 157(b)(1), (b)(2)(M).

2.      Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105, 361 and 363 of title 11 of United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and LBR 4001 of the United States Bankruptcy Court for the Eastern District of Texas (the "Court").

## II. <u>BACKGROUND</u>

### A.  Procedural History

4.      This case was commenced by the filing of a voluntary petition under Chapter 11 of the United States Bankruptcy Code on October 13, 2010 (the "Petition Date").

5.      No trustee or examiner has been appointed, and no official committee of creditors has yet been established.

### B.  Business History and Operations

1.      The Debtor currently owns and operates a dairy farming operation located in Northeast Texas (the "Dairy Farm").

2.      The Dairy Farm commenced operations in January, 1994, with Leon and Inge Heijligers' (the "Heijligers") purchase of a 417 acre farm (the "Miller Grove Farm"), an adjacent homestead situated on 1.26 acres (the "Homestead"), and 160 pregnant heifers that were close to calving.

3.      In March, 1997, the Heijligers formed Center Point Dairy Limited, L.P. ("Center Point") and LIH, Ltd., L.C. ("LIH").  LIH is the 1% general partner of Center Point.  All of the Dairy Farm assets, including the homestead, were transferred to Center Point at that time.

4.      The Dairy Farm expanded over the years with Center Point's purchase of an additional 204 acres adjacent to the Miller Grove Farm in September, 2004, and 162 acres of land in Cumby, Texas (the "Cumby Pasture"), in July, 2007.

5.      While the acquisition of the Cumby Pasture was necessary at the time, its use was cumbersome as it was located approximately nine (9) miles from the Miller Grove Farm.  As such, when the Debtor was subsequently presented with an opportunity to acquire an additional 104 acres adjacent to the Miller Grove Farm (the "Adjacent Pasture") they opted to purchase the property.  This acquisition was made by the Heijligers and not the Debtor.

6.    In May, 2006, Center Point was solicited by Legacy Bank, PCA ("Legacy"), to restructure its loans with them.  Center Point agreed to move its banking business to Legacy, and in so doing was able to access an additional $300,000.00 in capital which monies were used to make improvements on the Dairy Farm and acquire an additional 300 pregnant heifers.

7.    The Debtor currently employs 10 individuals who work with approximately 700 milking cows, 600 head of cattle in pasture, and between 60 and 120 heifer calves.

8.    The Debtor's business operates 24/7 and is focused upon the care and feeding of dairy cows used in the production of milk for sale to wholesale buyers.  The Debtor also generates additional revenue from the sale of certain cattle, primarily bull calves and/or older or non-producing dairy cows (collectively, the "Cull Cows").

9.    The Debtor, like other dairy farming operations throughout the country, has faced serious economic challenges in the recent past.  Milk prices plummeted to historic lows in 2009.  Although milk prices have recovered somewhat during 2010, the pricing of product and the overall cost of production continue to provide challenges for the Dairy Farm's profitability. Adding to the Debtor's financial challenges is the fact that agricultural lenders are less willing and/or able to work with borrowers to extend loan payments in the current economy.

10.   The case *sub judice* is basically a balance sheet restructuring case and not an operational restructuring case.  The Debtor's assets and going concern value are worth less today than they were worth in 2006 when Center Point restructured its finances with Legacy. This case is filed to restructure an overleveraged balance sheet, not to restructure operations *per se*.

### C.  Secured Lenders

11.   In accord with Bankruptcy Rule 4001(b)(1)(B)(i) and (iii), the Debtor's secured

obligations include the following creditors,[1] which obligations are secured by personal property:

| LENDER | COLLATERAL |
|---|---|
| **AGCO Finance, LLC**<br>P.O. Box 4000<br>Johnston, IA 50131-9854<br>FAX: 515-334-5825<br>**UCC-1 Filed:** June 28, 2005<br>**Paid 0ff – traded in 6/29/2009** | FENDT, 712-4, Tractor, 712/22/9213<br>FENDT, 35-70, Loader, 023-44448 |
| **Community Bank**<br>P.O. Box 2100<br>Sulphur Springs, TX 75483<br>FAX: 903-885-9449<br>**UCC-1 Filed:** April 04, 2006<br>**Original Amount:** $33,655.00 | Purchase money for Solomix 2 model 2000 ZK T(RL) S/N 02292 |
| **AGCO Finance, LLC**<br>P.O. Box 4000<br>Johnston, IA 50131-9854<br>FAX:<br>**UCC-1 Filed:** June 19, 2006<br>**Paid Off** | AGCO GT45A Tractor GT45ATN5110025 |
| **Legacy, PCA**<br>P.O. Box 468<br>303 Connally Street<br>Sulphur Springs, TX 75482<br>FAX: 903-885-0886<br>**UCC-1 Filed:** February 07, 2007<br>**See footnote 2** *infra*. | All of the Livestock used in the farming operation of the Debtor or Debtors, expressly including any and all substitutions, replacements, produce, products, and progeny thereof, now owned or hereafter acquired, wherever located, and including all proceeds from the sale or disposition thereof, including insurance proceeds, and contracts for the sale thereof, including but not limited to any accounts, contracts and general intangibles related thereto. |
| **AGCO Finance, LLC**<br>P.O. Box 4000<br>Johnston, IA 50131-9854<br>FAX: 515-334-5825<br>**UCC-1 Filed:** May 04, 2007<br>**Original Amount:** $92,765.00 | VALTRA, T 150, Tractor, S36111 Grouser, 2200, Front Blade |
| **AGCO Finance, LLC**<br>P.O. Box 4000<br>Johnston, IA 50131-9854<br>FAX: 515-334-5825<br>**UCC-1 Filed:** June 11, 2007<br>**Original Amount:** $28,975.00 | AGCO Hesston, 4900, Baler, BB4901348 |
| **AGCO Finance, LLC**<br>P.O. Box 4000<br>Johnston, IA 50131-9854<br>FAX: 515-334-5825 | Massey Ferguson, 5470, Tractor, T168084<br>Massey Ferguson, 955, Loader, VT7277328 |

---

[1] Premised upon the UCC-1 filings and other related security documents reviewed to date.

| | | |
|---|---|---|
| **UCC-1 Filed:** | July 03, 2009 | |
| **Original Amount:** | $50,426.00 | |

| | | |
|---|---|---|
| **Legacy, PCA**<br>P.O. Box 468<br>303 Connally Street<br>Sulphur Springs, TX 75482<br>FAX: 903-885-0886 | | All of the Livestock used in the farming operation of the Debtor or Debtors, expressly including any and all substitutions, replacements, produce, products, and progeny thereof, now owned or hereafter acquired, wherever located, and including all proceeds from the sale or disposition thereof, including insurance proceeds, and contracts for the sale thereof, including but not limited to any accounts, contracts and general intangibles related thereto.  Security shall include, but not be limited to the following:  1,125 milk cows, 585 heifers, 74 calves, 7 bulls. |
| **UCC-1 Filed:** | January 15, 2010 | |
| **Original Amount (Revolver):** | $400,000.00[2] | |
| | | |
| **Original Amount (Single Advance):** | $1,379,400.00 | All payments, accounts, general intangibles, and benefits including, but not limited to, payments in kind, deficiency payments, letters of entitlement, warehouse receipts, storage payments, emergency assistance and diversion payments, production flexibility contracts, and conservation reserve payments under any preexisting, current, or future federal or state government program. |
| These obligations are also secured pursuant to the terms of the deed of trust referenced *infra*. | | All farm products including, but not limited to, all poultry and livestock and their young, along with their produce, products, and replacements; all crops, annual or perennial, and all products of the crops; and all feed, seed, fertilizer, medicines, and other supplies used or produced in Debtor's farming operations. |
| | | All rights to payment, whether or not earned by performance, including, but not limited to, payment for property or services sold, leased, rented, licensed, or assigned.  This includes any rights and interest (including all liens) which Debtor may have by law or agreement against any account debtor or obligor of Debtor. |

| | | |
|---|---|---|
| **AGCO Finance, LLC**<br>P.O. Box 4000<br>Johnston, IA 50131-9854<br>FAX: 515-334-5825 | | Massey Ferguson, MF950 Loader, VT7277328 |
| **UCC-1 (Amends 7/3/09) Filed:** | January 22, 2010 | |

| | | |
|---|---|---|
| **Toyota Motor Credit Corporation**<br>P.O. Box 105386<br>Atlanta, GA 30348-5306<br>**Listed as Lienholder on title** | | 2011 Toyota Avalon<br>VIN:  4T1BK3DBU372065 |
| **Original Amount:** | $32,199.52 | Wife is sole obligor. |

The Debtor's secured obligations also include the following creditors[3], which obligations are secured by real property:

---

[2]   A single note was originally entered into on or about May 5, 2006, and subsequently renewed several times thereafter.  The most recent renewal occurred on or about January 15, 2010, which renewal resulted in splitting the note into one that was functionally a line of credit with other being the functional equivalent of a single advance loan.  Further it would appear that the UCC-1 filed on February 7, 2007 was in conjunction with one of the prior renewals which occurred on July 19, 2007, and August 18, 2008.

[3]   This is premised upon a review of the promissory notes and deeds of trust reviewed to date.

| LENDER | COLLATERAL |
|---|---|
| **Legacy, PCA**<br>P.O. Box 468<br>303 Connally Street<br>Sulphur Springs, TX 75482<br>FAX: 903-885-0886<br>**Date of Loan:** May 5, 2006<br>**Interest Rate:** 7.2%[4]<br>**Maturity Date:** May 1, 2036<br>**Original Amount:** $2,154,700.00 | Legal Description attached hereto as Exhibit "B" and incorporated herein by this reference. |
| **Legacy, PCA**<br>P.O. Box 468<br>303 Connally Street<br>Sulphur Springs, TX 75482<br>FAX: 903-885-0886<br>**Date of Loan:** July 11, 2007<br>**Interest Rate:** 7.85%<br>**Maturity Date:** July 1, 2037<br>**Original Amount:** $374,000.00 | Legal Description attached hereto as Exhibit "C" and incorporated herein by this reference. This is a separate 162 acres that is only subject to this deed of trust. |
| **Legacy, PCA**<br>P.O. Box 468<br>303 Connally Street<br>Sulphur Springs, TX 75482<br>FAX: 903-885-0886<br>**Date of Loan:** 1/11/2010<br>**Interest Rate:** .75% over prime<br>**Maturity Date:** July 1, 2010<br>**Original Amount (Single Advance):** $1,379,400.00<br><br>Additional collateral re: the security agreement referenced *supra*. | Legal Description attached hereto as Exhibit "B" and incorporated herein by this reference. |
| **Legacy, PCA**<br>P.O. Box 468<br>303 Connally Street<br>Sulphur Springs, TX 75482<br>FAX: 903-885-0886<br>**Date of Loan:** 1/11/2010<br>**Interest Rate:** .75% over prime<br>**Maturity Date:** June 30, 2010<br>**Original Amount (Revolver):** $400,000.00<br><br>Additional collateral re: the security agreement referenced *supra*. | Legal Description attached hereto as Exhibit "B" and incorporated herein by this reference. |

---

[4] Parties to the subject note executed a Loan Conversion on January 7, 2010, thereby reducing the interest rate to 4% for 12 months from February 1, 2010.

12.     The Debtor and the Heijligers are party to two (2) promissory notes dated January 11, 2010 (collectively, the "Cattle Notes") with Legacy, PCA (the "Secured Lender"), pursuant to which the Secured Lender extended a secured revolving note in the original principal amount of $400,000.00 (the "Revolver") and a term loan in the original principal amount of $1,379,400.00 (the "Term Loan").  The Cattle Notes are secured by the Debtor's livestock, crops and the proceeds thereof.  The Revolver and Term Loan are the product of a renewal of a loan that was originally entered into by and between the Debtor and Secured Lender on or about May 5, 2006, in the original principal sum of $1,779,400.00.  The Revolver and Term Loan matured on July 1, 2010.  Efforts to renew and/or modify the Revolver and Term Loan have not been successful.  Since the inception of the relationship, the Debtor has only ever made interest only payments to Secured Lender.  As additional collateral the Notes are secured by the Debtor's real property described in Exhibit "B" (the "Farm").

13.     The Debtor and the Heijligers are party to a secured promissory note and deed of trust dated May 5, 2006, with the Secured Lender in the original principal amount of $2,154,700.00 (the "Farm Note").  The Farm Note was subsequently modified pursuant to a loan conversion agreement dated January 7, 2010, thereby lowering the interest rate to 4% for a twelve (12) month period commencing February 1, 2010.  The Farm Note is secured by the Farm.

14.     The Cattle Notes and the Farm Note result in a total encumbrance of approximately $3,934,100.00 against the Farm.

15.     On or about July 11, 2007, as referenced above, the Debtor acquired the Cumby Pasture, which purchase was financed by the Secured Lender.  In connection with that purchase, the Debtor and the Heijligers executed a secured promissory note and deed of trust

dated July 11, 2007, with the Secured Lender in the original principal amount of $374,000.00 (the "Cumby Loan"). There are no other known encumbrances against the Cumby Pasture.

16.     On or about May 2, 2008, again, as referenced above, the Heijligers acquired the Adjacent Property, which purchase was financed by Agriland, FLCA ("Agriland"). In connection with that purchase the Heijligers executed a secured promissory note and deed of trust dated May 2, 2008, with Agriland in the original principal amount of $207,967.75 (the Agriland Loan"). There are no other known encumbrances against the Adjacent Property.

17.     The Debtor and the Heijligers are also joint obligors on the equipment financed by AGCO Finance, LLP ("AGCO"). With the exception of Center Point's obligation to Community Bank, AGCO is the lender on the remainder of the financed Dairy Farm equipment.

18.     The Secured Lender asserts that it is secured by first priority liens on and security interests in substantially all Debtor's real and personal property (collectively, the "Prepetition Collateral") with the exception of the Debtor's farm equipment.

### III.  RELIEF REQUESTED

19.     By this Motion and pursuant to 11 U.S.C. §§ 105, 361 and 363 of the Bankruptcy Code and Bankruptcy Rules 4001 and 9014, the Debtor requests that the Court grant the following relief:

   a.   Authorize the Debtor, **on an interim basis**, pursuant to section 363(c) of the Bankruptcy Code, to use proceeds of assets on which Secured Lender asserts a first priority lien and security interest (the "Cash Collateral")[5] in accord with the budget attached to the Interim Order as Exhibit "A" and incorporated herein by this reference (the "Budget");

   b.   Authorize the Debtor, **on an interim basis**, pursuant to sections 361 and 363 of the Bankruptcy Code, or provide the adequate protection described herein to the Secured Lender as regards any diminution in value of the Secured Lender's interest in the Prepetition Collateral, whether from the use of Cash Collateral or

---

[5]  The Debtor does not hereby admit or consent to the validity, priority, extent or enforceability of the liens asserted by Secured Lender and hereby reserves all rights with respect thereto.

the use, sale lease, depreciation, decline in value, or otherwise of said collateral;

c.  Schedule the Final Hearing pursuant to Bankruptcy Rule 4001 no later than fourteen (14) days after the entry of the Interim Order, to consider the entry of a Final Order authorizing the use of Cash Collateral and approving the notice procedures relative thereto;

d.  Authorize the Debtor, **on a final basis**, pursuant to 363(c) of the Bankruptcy Code, to use the Cash Collateral in accord with the Budget and any supplemental budgets as approved by the Court after further notice and hearing; and

e.  Authorize the Debtor, **on a final basis**, pursuant to sections 361 and 363 of the Bankruptcy Code to provide the adequate protection described herein to the Secured Lender as regards any diminution in value of the Secured Lender's interest in the Prepetition Collateral, whether from the use of Cash Collateral or the use, sale lease, depreciation, decline in value, or otherwise of said collateral.

## IV.  BASIS FOR RELIEF

### A.  Immediate Need for Use of Cash Collateral

20.     The Debtor has an immediate need for the use of Cash Collateral pending a final hearing on this Motion.  Accordingly, the Debtor seeks to use Cash Collateral existing on or after the Petition Date that may be subject to the Secured Lender's interest in the Prepetition Collateral.  As of the Petition Date, the Debtor's lack sufficient unencumbered cash to fund their business operation.

21.     Absent the ability to use Cash Collateral, the Debtor will not be able to pay wages, insurance, utility charges and other critical operating expenses such as feed. Consequently, without access to cash collateral, the Debtor will no longer be able to maintain its business operation and continue its restructuring efforts.  In short, the Debtor's bankruptcy estate would be irreparably and immediately harmed.

22.     The Debtor cannot obtain funds sufficient to administer the bankruptcy estate and operate the business other than by obtaining the relief requested herein pursuant to section 363 of the Bankruptcy Code.

23.     The Debtor has formulated a Budget for the use of Cash Collateral from the Petition Date through two weeks thereafter.  The Debtor believes that the Budget includes all reasonable, necessary and foreseeable expenses to be incurred in the ordinary course of business during the subject time period.  The use of Cash Collateral by the Debtor during this interim period will provide the Debtor with the ability to pay administrative expenses as they become due and payable during the period covered by the Budget.

24.     The Debtor's right to use Cash Collateral under the terms of the Interim Order will commence on the date of the entry of the Interim Order and expire on the earlier of:  (a) the entry of a subsequent interim order; or (b) the entry of the Final Order.

### B.  Adequate Protection

25.     In consideration for the interim use of cash collateral, and as adequate protection for any diminution of the interest of the Secured Lender in the Prepetition Collateral, the Debtor hereby tenders, to the extent the Secured Lender may hold valid, perfected and unavoidable security interests in the Prepetition Collateral without any requirement to file any documents to perfect that interest, adequate protection in the following form:

   a.  **The granting of postpetition security interests  equivalent to a lien granted under sections 364(c)(2) and (3) of the Bankruptcy Code (the "Replacement Liens"), as applicable, in and upon the Debtor's real and personal property and the Cash Collateral, whether such property was acquired before or after the Petition Date.**

26.     In addition to the Replacement Liens, the Secured Lender is adequately protected as a result of the continued business operations.  But for the continued operation of the Debtor, it will be forced to liquidate its assets absent the added value provided by a going

concern.

27.    In summary, the Debtor submits that the Secured Lender is adequately protected by the proposed Replacement Liens and by the continued operation of the business as a going concern thereby preventing any diminution in the value of the Prepetition Collateral.

## C. Request for Final Hearing

28.    Pursuant to Bankruptcy Rule 4001(b)(2), the Debtor requests that this Court set a date for the Final Hearing that is as soon as practicable, but in no event later than fourteen (14) days following the entry of the Interim Order, and the time and date prior to the Final hearing for parties to file objections to this Motion.

## V. BANKRUPTCY RULE 4001(b)

29.    The Debtor submits that the facts set forth in the Declaration of Inge Heijliegers in Support of First Day Motions filed contemporaneously herewith establish that "the relief requested herein is necessary to avoid immediate and irreparable harm" to the Debtor. Bankruptcy Rule 4001(b)(2). Accordingly, Bankruptcy Rule 4001 is satisfied.

## VII. NOTICE

30.    Bankruptcy Rules 4001 and 9014 generally require that any proceeding to use cash collateral be made only upon Motion and on notice to any other entity that has an interest in the Cash Collateral, the Committee that may be appointed under the Code, and such other entities as the Court may direct.

31.    Notice of this Motion has been given via email or facsimile transmission to: (1) the Office of the United States Trustee for the Eastern District of Texas; and (2) the Secured Lender. Each of the Debtor's unsecured creditors and any additional parties identified on the attached Mailing Matrix were served via US Mail.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that the Court enter an Interim Order on an emergency basis granting the relief requested herein, establishing a date and time for the Final Hearing, and providing for such other and further relief to which the Debtor may be justly entitled.

Respectfully submitted,

Dated: October 13, 2010

/s/ Robert T. DeMarco

**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email**   robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email**   mike@demarcomitchell.com
1255 W. 15th Street, 805
Plano, TX 75075
**T**        972-578-1400
**F**        972-346-6791
***Proposed*** **Counsel for Debtor and Debtor in Possession**

## CERTIFICATE OF SERVICE

The undersigned counsel herby certifies that true and correct copies of the foregoing pleading and all attachments were served upon all parties listed below in accordance with applicable rules of bankruptcy procedure on this 13th day of October, 2010.  Where possible, service was made electronically via the Court's ECF noticing system or via facsimile transmission where a facsimile number is set forth below.  Where such electronic service was not possible, service was made via regular first class mail.

| DEBTOR |
| --- |

Center Point Dairy Limited, L.P.
6414 FM 2653 South
Cumby, TX 75433
FAX:  903-459-3712

| TRUSTEE |
| --- |

**Office of the United States Trustee**
110 N. College Avenue
Suite 300
Tyler, TX 75702
FAX:  903-590-1461
Email:  USTPRegion06.TY.ECF@usdoj.gov

| SECURED LENDER |
| --- |

**Legacy, PCA**
P.O. Box 468
303 Connally Street
Sulphur Springs, TX 75482
FAX:  903-885-0886

**Community Bank**
P.O. Box 2100
Sulphur Springs, TX 75483
FAX:  903-885-9449

**AGCO Finance, LLC**
P.O. Box 4000
Johnston, IA 50131-9854
FAX:  515-334-5825

| PARTIES IN INTEREST / REQUESTING NOTICE |
| --- |

**Leonardus & Ingeborg Heijligers**
6414 FM 2653 South
Cumby, TX 75433
FAX:  903-459-3712

**Agriland, FLCA**
3210 WNW Loop 323
Tyler, TX 75702
FAX:  903-593-6588

*/s/ Robert T. DeMarco*

**DeMarco●Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email**    robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email**    mike@demarcomitchell.com
1255 W. 15th Street, 805
Plano, TX 75075
**T**        972-578-1400
**F**        972-346-6791
***Proposed* Counsel for Debtor and Debtor in Possession**

# EXHIBIT "A"

**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| IN RE: | Case No.:      10-43554 |
| | |
| **CENTER POINT DAIRY LIMITED, L.P.** | Chapter:      11 |
| 75-2699811 | |
| 6414 FM 2653 S | HEARING DATE:  October 18, 2010 |
| Cumby, TX 75433 | HEARING TIME:   10:00 a.m. |
| Debtor(s). | |

## ORDER AUTHORIZING THE INTERIM USE OF CASH COLLATERAL

On this day came on for consideration the Debtor's Emergency Motion for Order Authorizing the Interim and Final Use of Cash Collateral (the "Motion"). The Motion is made pursuant to 11 U.S.C. §§ 105, 361 and 363 and Federal Rules of Bankruptcy Procedure 4001 and 9014: (a) authorizing the Debtor to use cash collateral of existing secured lenders and granting adequate protection to existing secured lenders for the use of their cash collateral; and (b) prescribing the form and manner of notice and setting the time for the final hearing (the "Final Hearing") on the Motion. Upon review of the Motion, the Affidavit of Inge Heijligers and based upon the evidence presented to this Court at the interim hearing on the Motion (the "Interim Hearing"), the Court hereby makes the following findings of fact and conclusions of law:

1.      Adequate and sufficient notice of the Motion and the Interim Hearing has been provided to all persons entitled thereto pursuant to Rules 2002 and 4001 of the Federal Rules of Bankruptcy Procedure.

2.      This matter constitutes a "core proceeding" within the meaning of 28 U.S.C. § 157.

3.      This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

4.      The Debtor commenced the case *sub judice* on October 13, 2010 (the "Petition

Date") by the filing of a petition for relief under chapter 11 of the Bankruptcy Code.

5.      The Debtor continues in possession of its properties and continues to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      The Debtor is party to two (2) promissory notes dated January 15, 2010 (the "Notes") with Legacy, PCA (the "Secured Lender"), pursuant to which the Secured Lender extended a secured revolving note in the original principal amount of $400,000.00 (the "Revolver") and a term loan in the original principal amount of $1,379,400.00 (the "Term Loan").  The Revolver and Term Loan are the product of a renewal of a loan that was originally entered into by and between the Debtor and Secured Lender on or about May 5, 2006, in the original principal sum of $1,779,400.00.  The Revolver and Term Loan matured on July 1, 2010. Efforts to renew and/or modify the Revolver and Term Loan have not been successful.  Since the inception of the relationship, Debtor has only ever made interest only payments to Secured Lender.

7.      The principal balance due and owing under the terms of the Revolver and Term Loan remain unchanged since their inception.

8.      The Secured Lender asserts that it is secured by first priority liens on and security interests in substantially all Debtor's real and personal property (collectively, the "Prepetition Collateral") and the proceeds thereof (the "Cash Collateral").

9.      The Debtor owns and operates a relatively large dairy farm in East Texas.

10.     Pursuant to sections 363(a) and 552(b) of the Bankruptcy Code, the Cash Collateral held by the Debtor's may constitute "cash collateral" within the meaning of section 363(a) of the Bankruptcy Code.  The Secured Lender asserts that it has an interest in the Cash Collateral within the meaning of sections 363(c)(2) and 363(e) of the Bankruptcy Code.

11.     The Debtor has an immediate need to use Cash Collateral on an interim basis to, among other things, fund payroll obligations and pay other operating expenses, including feed, in accordance with the budget attached hereto as Exhibit "A" and incorporated herein by this reference.

12.     Good cause has been shown for entry of this interim cash collateral order (the "Interim Order"), as an immediate and critical need exists for the Debtor to be permitted access to the Cash Collateral.

13.     Absent access to the Cash Collateral the Debtor's estate would be immediately and irreparably harmed.

14.     This Interim Order is entered into pursuant to, and in accord with sections 361 and 363 of the Bankruptcy Code and Bankruptcy Rule 4001(b).

**ACCORDINGLY, IT IS ORDERED THAT:**

1.     The Debtors are permitted to use Cash Collateral, in accord with the Budget, provided, that the Debtor may exceed any line item in the Budget by up to ten percent (10%). The Budget may be updated and modified through the date of the Final Hearing by: (a) consensual agreement of the Debtor and the Secured Lender; or (b) by further order of this Court.

2.     The Debtor's right to use Cash Collateral under the Interim Order shall commence on the date of entry of the Interim Order and expire on the earlier of:  (a) the entry of a subsequent interim cash collateral order; or (b) the entry of a Final Order.

3.     As adequate protection of the Secured Lender's interest, if any, in the Cash Collateral pursuant to sections 361 and 363(e) of the Bankruptcy Code to the extent of any diminution in value from the use of the Collateral the Court hereby grants the Secured Lender replacement security liens on and replacement liens on all of the Debtor's real and personal

property (the "Replacement Liens"), whether such property was acquired before or after the Petition Date.

4.      Such Replacement Liens are exclusive of any avoidance actions available to the Debtor's bankruptcy estate pursuant to sections 544, 545, 547, 548, 549, 550, 553(b) and 724(a) of the Bankruptcy Code and the proceeds thereof.

5.      Further, such Replacement Liens shall be equal to the aggregate diminution in value of the Collateral, if any, that occurs from and after the Petition Date.  The Replacement Liens shall be of the same validity and priority as the liens of the Secured Lender on the prepetition Collateral.

6.      The Replacement Liens granted herein shall maintain the same priority, validity and enforceability as the Secured Lender's liens on the prepetition Collateral.  The Secured Lender shall not be required to file or serve financing statements, notices of liens or similar interests which otherwise may be required under federal or state law in any jurisdiction, or take any action, including taking possession, to validate and perfect such Replacement Liens.

7.      The Replacements Liens shall be subject and subordinate to:  (a) professional fees and expenses of the attorneys, financial advisors and other professionals retained by the Debtors in the amounts set forth in the Budget and any supplemental budget approved by the Court and/or consented to by the Secured Lender; and (b) any and all fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) and the Clerk of the Bankruptcy Court (collectively, the "Carve Out").

8.      This Interim Order is without prejudice to the rights of the Secured Lender or the Debtor as to any further order regarding the use of Cash Collateral as to the request for payment of any other expenses incurred during the period covered by this Interim Order.

9.      This Interim Order is without prejudice to the rights of any party-in-interest,

including the debtor, to contest the priority, validity and enforceability of the Secured Lender's liens and security interests in and to the prepetition Collateral.

10. During the term of this Interim Order the Debtor shall comply with all terms and conditions of the loan documents executed by the Debtor and the Secured Lender, including but not limited to the reporting requirements set forth therein, except to the extent modified herein.

11. The Final Hearing to consider the entry of a Final Order authorizing and approving the use of Cash Collateral is hereby scheduled for **October \_\_\_\_, 2010, at \_\_\_:\_\_\_ \_\_.m.**

12. This Interim Order is and shall be fully effective upon its entry.

**ORDER SUBMITTED BY:**

*/s/ Robert T. DeMarco*
**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email**    robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email**    mike@demarcomitchell.com
1255 W. 15th Street, 805
Plano, TX 75075
**T**        972-578-1400
**F**        972-346-6791
***Proposed*** **Counsel for Debtor and Debtor in Possession**

# EXHIBIT "A"

**[Interim Cash Collateral Order]**

# FOURTEEN DAY BUDGET (October 13 - October 27, 2010)

| Expense Item | Budgeted Amount |
|---|---|
| Legacy | $ - |
| Legal / Professional | $ - |
| Payroll | $ 10,400.00 |
| Alfalfa Hay | $ 4,200.00 |
| Agriland (rent to Heijligers) | $ - |
| Greentree (rent to Heijligers) | $ - |
| Farm Bureau | $ - |
| Sprint PCS | $ 250.00 |
| Hominy Feed | $ 14,100.00 |
| Cotton Seed Meal | $ 6,300.00 |
| Distillers Grain | $ 4,700.00 |
| Repairs | $ 4,000.00 |
| Fuel | $ 200.00 |
| Life Insurance | $ - |
| Vet | $ 1,500.00 |
| Chemical Supplies | $ 1,400.00 |
| Other Supplies | $ 500.00 |
| Diesel | $ 2,500.00 |
| Waste Disposal | $ 150.00 |
| Calf Feed | $ 700.00 |
| AGCO | $ - |
| Community Bank | $ - |
| **TOTAL** | **$ 50,900.00** |

# EXHIBIT "B"

**TRACT ONE:**

Being a tract or parcel of land situated in Hopkins County, Texas, being in the Jose F. Sanchez Survey, Abstract No. 824, and the Shelby Tunnage Survey Abstract No. 954, being part of a 147.7 acre tract, all of a 20.226 acre tract, all of a 125.0 acre tract, all of a 10.5 acre tract South of Farm to Market No. 2653, all of a 23.0 acre tract East and South of Farm to Market No. 2653, all of a 104.5 acre tract of land South of Farm to Market No. 2653, recorded in the Hopkins County, Real Property Records in Volume 113 at Page 138 and being more particularly described as follows:

BEGINNING at a 1/2 inch iron rod set in the centerline intersection of Hopkins County Road No. 1127 and a Hopkins County Road running East and West, being on the North line of the Anastacio Caro Survey, Abstract No. 143, being the Southwest corner of said 147.7 acre tract a 1/2 inch iron rod set at a fence corner post bearing North 65 deg. 36 min. 09 sec. East 50.39 feet, also a 1/2 iron rod set at a fence corner post bearing North 32 deg. 55 min. 31 sec. East 55.21 feet;

THENCE North 03 deg. 55 min. 39 sec. East with the centerline of Hopkins County Road No. 1127, a distance of 2202.42 feet to a 1/2 inch iron rod found for corner at the Southwest corner of 2.67 acre tract of land recorded in Volume 151 at Page 215 of the Hopkins County Real Property Records;

THENCE South 88 deg. 12 min. 52 sec. East with the South line of said 2.67 acre tract, a distance of 344.00 feet to a 1/2 inch iron rod found for corner;

THENCE North 03 deg. 55 min. 39 sec. East with the East line of said 2.67 acre tract, a distance of 339.36 feet to a 1/2 inch iron rod found for corner;

THENCE North 88 deg. 12 min. 52 sec. West with the North line of said 2.67 acre tract, a distance of 344.00 feet to a 1/2 inch iron rod found for corner in the centerline of Hopkins County Road No. 1127;

THENCE North 03 deg. 55 min. 39 sec. East with the centerline of said road passing the Northwest corner of said 147.7 acre tract at 157.57 feet, in all a distance of 634.25 feet to a 1/2 inch iron rod set for corner at the intersection of Hopkins County Road No. 1127 and a Hopkins County Road heading West, being the Southeast corner of said 23.0 acre tract;

THENCE North 83 deg. 57 min. 02 sec. West with the centerline of county road, a distance of 755.30 feet to a 1/2 inch iron rod set for corner, being the Southeast corner of a 4.031 acre tract of land described in Volume 283 at Page 151 of the Hopkins County Deed Record, also being South 83 deg. 57 min. 02 sec. East 100.00 feet from the Southwest corner of said 23.00 acre tract;

THENCE North 04 deg. 45 min. 45 sec. East a distance of 20.00 feet to a concrete highway monument found for corner in the east right of way line of Farm Market No. 2653;

THENCE North 40 deg. 28 min. 19 sec. West along a flare in the right of way, a distance of 70.54 feet a concrete highway monument found for corner at the beginning of a curve to the right having a radius of 1860.08 feet, a central angle of 50 deg. 10 min. 07 sec. and a chord bearing of North 30 deg. 51 min. 20 sec. East at 1577.17 feet;

THENCE in a Northeasterly direction, along said curve and the Southeasterly right of way of Farm to Market No. 2653, an arc length of 1628.70 feet to a concrete highway monument found for corner;

**CONTINUED SEE ATTACHED HERETO**

THENCE South 79 deg. 35 min. 59 sec. East along a flare on right of way, a distance of 69.19 feet to a concrete highway monument found for corner in the West line of Hopkins County Road No. 1127;

THENCE North 60 deg. 44 min. 16 sec. East passing the West line of said 104.5 acre tract and the West line of the Sanchez Survey, a distance of 49.80 feet to a concrete highway monument found for corner;

THENCE North 13 deg. 34 min. 27 sec. East along a flare on right of way, a distance of 69.15 feet to a concrete highway monument found for corner at the beginning of a curve to the right having a radius of 1860.08 feet, a central angle of 12 deg. 44 min. 47 sec., and a chord bearing of North 66 deg. 58 min. 48 sec. East at 412.95 feet;

THENCE in a Northeasterly direction; along said curve and the South right of way of Farm to Market No. 2653, an arc length of 413.81 feet to a concrete highway monument found for corner;

THENCE North 73 deg. 17 min. 00 sec. East along the South right of way, a distance of 2565.64 feet to a 1/2 inch iron rod set at the beginning of a curve to the left having a radius of 1196.28 feet, a central angle of 49 deg. 25 min. 25 sec. and a chord bearing of North 48 deg. 28 min. 52 sec. East at 1000.22 feet;

THENCE in a Northeasterly direction, along said curve and Southerly right of way, an arc length of 1031.92 feet to a fence corner post for corner, being the Northwest corner of said 20.226 acre tract of land;

THENCE North 86 deg. 57 min. 14 sec. East departing said right of way, a distance of 40.52 feet to a fence corner post for corner in the East line of a 52.7 acre tract in the corner of an abandoned county road, being the Northeast corner of said 20.226 acre tract ;

THENCE South 03 deg. 56 min. 06 sec. West along abandoned road and the East line of said 20.226 acre tract, a distance of 1208.72 feet to a 1/2 inch iron rod set for corner in the North line of said 125.0 acre tract;

THENCE South 85 deg. 36 min. 54 sec. East along the North line of said 125.0 acres, a distance of 340.78 feet to a 1/2 inch iron rod set for corner, being the Northeast corner of the 125.0 acres;

THENCE South 07 deg. 19 min. 14 sec. West along a fence and the East line of 125.0 acres, a distance of 680.52 feet of a fence corner post for corner at an East-West fence intersection;

THENCE South 03 deg. 37 min. 10 sec. West along a fence and said East line, a distance of 2008.63 feet to a 1/2 inch iron rod set for corner, being the Southeast corner of said 125.00 acre tract;

THENCE North 85 deg. 43 min. 21 sec. West along a fence and the South line of 125.0 acre tract, a distance of 1447.42 feet to a 1/2 inch iron rod set at a fence corner post for corner, being the Northeast corner of said 147.7 acre tract;

THENCE South 03 deg. 58 min. 02 sec. West along a fence line and the East line of said 147.7 acres, a distance of 2683.43 feet to a 1/2 inch iron rod set for corner in the centerline of a county road, being the Southeast corner of said 147.7 acre tract, a 1/2 inch iron rod set at a fence corner post bearing North 03 deg. 58 min. 02 sec. East 20.00 feet;

CONTINUED SEE ATTACHED HERETO

**Page 3 of 5**

    **THENCE** North 86 deg. 09 min. 30 sec. West along the centerline of road and the South line of said 147.7 acre, a distance of 2405.27 feet returning to the Point of Beginning, Save & Except 1.555 acres recorded in Volume 302 on Page 776 Deed Records of Hopkins County, Leaving 412.120 acres of land, more or less, in the said "Tract One"

## LESS HOWEVER

Being a tract or parcel of land being situated in Hopkins County, Texas, being part of the Jose F. Sanchez Survey No. 824, being part of a 104.5 acre tract recorded in Volume 113 at Page 138 of the Hopkins County Real Property Records, being all of a called 2.0 acre tract of land reserved and excepted to said 104.5 acres described from L.D. Dickens and wife, Ruby Dickens to William T. Tate and Trudie Mae Tate, recorded in Volume 302 at Page 776 of the Hopkins County Deed Records on May 30, 1966, as the residence of L.D. Dickens and wife Ruby Dickens, and being more particularly described as Follows;

    **BEGINNING** at a 1/2 inch iron rod set at a fence corner post for corner, being North 03 deg. 55 min. 39 sec. East a distance of 460.27 feet from the Southeast corner of a 23.0 acre tract of land recorded in Volume 113 at Page 138 of the Hopkins County Deed Records, also being South 03 deg. 55 min. 39 sec. West a distance of 1129.47 feet from the Eastern most Southeast corner of a 4.031 acre tract of land in a right of way deed to the State of Texas recorded in Volume 282 at Page 151 of the Hopkins County Deed Records, being on the West line of said Sanchez Survey;

    **THENCE** South 86 deg. 05 min. 05 sec. East along a fence line, a distance of 216.74 feet to a 1/2 inch iron rod set at a fence corner post for corner;

    **THENCE** North 02 deg. 41 sec. 09 min. East along a fence line, a distance of 313.07 feet to a 1/2 inch iron rod set at a fence corner post for corner;

    **THENCE** North 89 deg. 31 min. 13 sec. West along a fence line a distance of 108.98 feet to a 1/2 inch iron rod set at an angle point in fence line;

    **THENCE** North 61 deg. 20 min. 16 sec. West along a fence line, a distance of 67.19 feet to a 1/2 inch iron rod set at a fence corner post for corner;

    **THENCE** North 86 deg. 04 min. 31 sec. West a distance of 40.14 feet to a 1/2 inch iron rod set for corner, being in the West line of said Sanchez Survey;

    **THENCE** South 03 deg. 55 min. 39 sec. West along the West line of survey, a distance of 334.60 feet returning to the Point of Beginning and containing 1.555 acres of land, more or less.

## TRACT TWO:

Being a tract or parcel of land situated in Hopkins County, Texas, being in the Jose F. Sanchez, Abstract No. 824, being all of a 104.5 acre tract of land north of Farm to Market No. 2653 recorded in Hopkins County Real Property Records in Volume 113 at Page 138, and being more particularly described as follows;

    **BEGINNING** at a 1/2 inch iron rod set for corner in the center of an abandoned road, being the Northwest corner of said 104.5 acre tract;

    **THENCE** South 89 deg. 38 min. 44 sec. East wit said abandoned road and the North line of 104.5 acres, a distance of 996.76 feet to a 1/2 inch iron rod set for corner;

    **THENCE** South 16 deg. 43 min. 00 sec. East a distance of 52.70 feet to a 1/2 inch iron rod set for corner in the North right of way line of Farm to Market No. 2653;

**CONTINUED SEE ATTACHED HERETO**

THENCE South 73 deg. 19 min. 02 sec. West along said right of way, a distance of 703.41 feet to a concrete highway monument found for corner at the beginning of a curve to the left, having a radius of 1960.08 feet a central angle of 11 deg. 51 min. 10 sec. and a chord bearing of South 67 deg. 23 min. 27 sec. West at 404.76 feet;

THENCE in a Southwesterly direction, along said curve and the North right of way an arc length of 405.48 feet to a 1/2 inch iron rod set for corner, being in the West line of said 104.5 acres and the center of an abandoned road;

THENCE North 04 deg. 54 min. 21 sec. East along the center of said abandoned road and West line of 104.5 acre tract, a distance of 415.70 feet returning to the Point of Beginning and containing 5.008 acres of land, more or less.

## TRACT THREE:

Being a tract or parcel of land situated in Hopkins County, Texas being in the Shelby Tunnage Survey, Abstract No. 954, being part of a 10.5 acre tract recorded in Volume 113 at Page 138 of the Real Property Records of Hopkins County and being more particularly described as follows:

COMMENCING at a 1/2 inch iron rid set in the centerline of an abandoned road on the East line of the Tunnage Survey, being the Northwest corner of a 104.5 acre tract of land recorded in Volume 113 at Page 138 of the Real Property Records of Hopkins County, Texas;

THENCE South 04 deg. 54 min. 21 sec. West along the West line of said 104.5 acres, a distance of 415.70 feet to a 1/2 inch iron rod set in the north right of way line of Farm to Market No. 2653;

THENCE South 59 deg. 47 min. 54 sec. West a distance of 107.43 feet to a 1/2 inch iron rod set at a chain- link fence post at the beginning of a curve to the left having a radius of 1960.08 feet, a central angle of 07 deg. 40 min. 58 sec., and a chord bearing of South 54 deg. 28 min. 59 sec. West at 262.63 feet for the Point of Beginning of this tract;

THENCE in a Southwesterly direction, along the North right of way line of Farm to Market No. 2653, an arc length of 262.83 feet to a 1/2 inch iron rod set at a chain-link fence corner post for corner;

THENCE North 19 deg. 16 min. 45 sec. West along a chain-link fence, a distance of 259.14 feet to a fence corner post for corner;

THENCE North 70 deg. 59 min. 34 sec. East along a Chain-link fence, a distance of 253.48 feet to a fence corner post for corner;

THENCE South 18 deg. 52 min. 08 sec. East along a chain-link fence, a distance of 184.50 feet returning to the Point of Beginning containing 1.269 acres of land, more or less.

## TRACT FOUR:

All that certain tract or parcel of land situated in Hopkins County, Texas, about 13 miles Southwest from Sulphur Springs, being a part of the J. F. Sanchez Survey, A-824, and described by metes and bounds as follows, to-wit:

BEGINNING at a stake set in the S.B. line of the J. F. Sanchez Survey, the S.W. corner of Block No. 9 of a subdivision of said survey, the same also being the S.E. corner of a 147.7 acre tract of land owned by Deryl and Fred Hull, and being in the NB line of the Thomas Proctor Survey;

THENCE North 2868 feet with the E.B. line of said 147.7 acre tract to an 8 inch bois d'arc post for a corner;

**CONTINUED SEE ATTACHED HERETO**

Page 5 of 5

THENCE East 1448 feet to a stake set for a corner; said corner being the S.W. corner of a 30 acre tract out of Block No. 7 of said survey;

THENCE North 1494 feet to a 6 inch bois d'arc post for a corner;

THENCE East 420 feet to a stake set in the center of Big Creek; (Old Channel)

THENCE down said Big Creek with its meanderings in a Southeast direction for an approximate distance of 1725 feet to a stake set for a corner; said point being in the N.B. line of the former R. T. Junell 108 acre tract of land;

THENCE East 320 feet to a stake set for a corner said point being the N.W. corner of Block No. 8 of said subdivision of said survey;

THENCE South 2868 feet to a stake set in Big Creek for a corner; same being in the N.B. line of A. Fitzgerald Survey, also being the S.E. corner of Block No. 9 of the subdivision of said survey;

THENCE West with the NB line of said Fitzgerald survey, the NB line of the J. E. Anderson Survey, and along the NB line of the T. Proctor Survey, 3018 feet to the place of beginning.

CONTAINING 227.34 acres of land, more or less.

BEING the same land described in deed from Bruce McNiel and wife, Ella Mae McNiel to Sam Speed and wife, Jewell Speed, dated 12-16-1963, Vol. 284, Page 517, Deed Records, Hopkins County, Texas.

## LESS HOWEVER FROM THE ABOVE DESCRIBED TRACT FOUR:

BEING a 19.592 acre tract and being all that certain lot, tract or parcel of land situated in the J. F. Sanchez Survey, A-824, Hopkins County, Texas, and being a part of a called 227.34 acre tract described in a deed from Bruce McNiel and wife, Ella Mae McNiel to Sam Speed and wife, Jewell Speed as recorded in Vol. 284, Page 517, Hopkins County Deed Records, and being more particularly described as follows:

BEGINNING at a nail set in the centerline of County Road No. 1152 and on the south line of said 227.34 acre tract and on the north line of a called 25 acre tract described in a deed to Yates as recorded in Vol. 260, Page 93, H.C.D.R. for a corner, from which the southwest corner of said 227.34 acre tract bears N 90 deg. 00 min. 00 sec. W a distance of 683.54 feet;

THENCE N 04 deg. 09 min. 18 sec. E a distance of 1672.03 feet to a 1/2 inch iron rod set for a corner;

THENCE S 69 deg. 23 min. 10 sec. E a distance of 554.99 feet to a 1/2 inch iron rod set for a corner;

THENCE S 03 deg. 20 min. 01 sec. W a distance of 1474.74 feet to a nail set in the centerline of said Road and on the south line of said 227.34 acre tract and the north line of said 25 acre tract for a corner;

THENCE S 90 deg. 00 min. 00 sec. W a distance of 554.85 feet to the point of beginning and containing 19.592 acres of land, more or less.

# EXHIBIT "C"

Being a tract or parcel of land situated in Hopkins County, Texas, being a part of the Wm. Finley Survey, Abstract No. 321, being all of a 160 acre tract of land as conveyed by deed from J. G. Lindley, et al, to Mrs. Nora Lindley as described in Volume 181 at Page 520 of the Deed Records of Hopkins County and being further described as follows:

**BEGINNING** at a ½ inch iron rod set for corner in the center line of Hopkins County Road No. 4725 at the northeast corner of parent 160 acre tract, said Point of beginning, also being in the west line of a 950 acre tract of land as conveyed to A. K. Gillis and Sons LTD as recorded in Volume 192 at Page 236 of the Real Property Records of Hopkins County, Texas;

**THENCE** S 00 deg. 00 min. 00 sec. W along the center line of Hopkins County Road No. 4725 and the east line of the Wm. Finley Survey, Abstract No. 321, along the east line of parent 160 acre tract, a distance of 2745.98 feet to a ½ iron rod set for corner at the southeast corner of parent 100 acre tract and the Wm. Finley Survey, Abstract No. 321, said corner also being at the intersection of the center line of Hopkins County Road No. 4725 at a bend from the north to the west;

**THENCE** N 89 deg. 38 min. 29 sec. W along the south line of parent 160 acre tract and the Wm. Finley Survey, Abstract No. 321, a distance of 2830.36 feet to a ½ inch iron rod found for corner at a fence corner post, said corner being the southwest corner to parent 160 acre tract;

**THENCE** N 00 deg. 35 min. 49 sec. E along the west line of parent 160 acre tract and the Wm. Finley Survey, Abstract No. 321, a distance of 1818.53 feet to a ½ iron set for corner at the intersection of the center line of Hopkins County Road No. 4724 at a bend from the south to the east;

**THENCE** S 89 deg. 44 min. 42 sec. E along the center line of Hopkins County Road No. 4724 and the westernmost north line of parent 160 acre tract and the Wm. Finley Survey, Abstract No. 321, a distance of 653.29 feet to a ½ inch iron rod set for corner at the intersection of the center line of Hopkins County Road No. 4724 at a bend from the west to the north;

**THENCE** N 00 deg. 11 min. 19 sec. W along the center line of Hopkins County Road No. 4724 and the northernmost west line of parent 160 acre tract and the Wm. Finley Survey, Abstract No. 321, a distance of 878.13 feet to a inch iron rod set for corner at the northwest corner of parent 160 acre tract and the Wm. Finley Survey, Abstract No. 321;

**THENCE** N 89 deg. 04 min. 57 sec. E along a fence and the north line of parent 160 acre tract and the Wm. Finley Survey, Abstract No. 321, a distance 2161.25 feet returning to the Point of Beginning and containing 162.559 acres of land, more or less, with the house situated hereon being known as No. 213 County Road No. 4724.

Label Matrix for local noticing
0540-4
Case 10-43554
Eastern District of Texas
Sherman
Wed Oct 13 15:16:49 CDT 2010

ACCELERATED GENETICS
E 10890 PENNY LANE
BARABOO, WI 53913-9408

AGCO FINANCE LLC
PO BOX 9263
DES MOINES, IOWA 50306-9263

ALLROUNDER DAIRY
1160 CR 3310
PICKTON, TX 75471-3719

AMERICAN EXPRESS
PO BOX 650448
DALLAS, TX 75265-0448

Attorney General of Texas
Bankruptcy Reporting Contact
OAG/CSD/Mail Code 38
P.O. Box 12017
Austin, TX 78711-2017

Attorney General of Texas
Taxation Division - Bankruptcy
Box 12548 Capitol Station
Austin, TX 78711-2548

BAKER
123 N. WALNUT STREET
PEABODY, KS 66866-1059

C. MILLER DRILLING
7355 EAST SH 154
WINSSBORO, TX 75494

CAPITOL ONE CARD
PO BOX 60599
CITY OF INDUSTRY, CA 91716-0599

CENTRAL PLAINS TRADING, LLC
4330 SHAWNEE MISSION PARKWAY
STE 210
FAIRWAY, KS 66205-2522

CITIBUSINESS CREDITCARDS
PO BOX 183051
COLUMBUS, OH 43218-3051

COMMODITY SPECIALISTS COMPANY
PO BOX 1450
MINNEAPOLIS, MN 55485-1450

COMMODITY SPECIALISTS COMPANY
PO BOX 802233
KANSAS CITY, MO 64180-2233

COMMUNITY BANK
PO BOX 2100
SULPHUR SPRINGS, TX 75483-2100

CRYSTAL FEED MILLS, INC
PO BOX 19
COMO, TX 75431-0019

Center Point Dairy Limited, L.P.
6414 FM 2653 S.
Cumby, TX 75433

Robert T. DeMarco
DeMarco-Mitchell, PLLC
1255 West 15th St., 805
Plano, TX 75075-7225

FARM BUREAU
7420 FISH POND ROAD
WACO, TX 76710-1095

FRAZER FROST
125 S STATE COLLEGE BLVD
SUITE 300
BREA, CA 92821

GOOD NATURE
149 BUD-MIL DR.
BUFFALO, NY 14206-1801

HOPKINS COUNTY VETERINARY CLINIC
129 HILLCREST DR
SULPHUR SPRINGS, TX 75482-3644

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

LEGACY LAND BANK, FLCA
PO BOX 468
SULPHUR SPRINGS, TEXAS 75483-0468

LIVINGSTON MACHINERY
PO BOX 666
HIGHWAY 81 SOUTH
CHICKASHA, OK 73023-0666

MICRO DAIRY LOGIC
PO BOX 9262
311 N ARTHUR STR
AMARILLO, TX 79107-5439

NORTHEAST TEXAS FARMERS COOP
PO BOX 489
SULPHUR SPRINGS, TX 75483-0489

PHI FINANCIAL SERVICES
PO BOX 660635
DALLAS, TX 75266-0635

POTTS GAS
PO BOX 141
EMORY, TX 75440-0141

SEC
100 F Street, NE
Washington, DC 20549-2001

```
SPRINT PETROLEUM, INC            SUNBELT CUSTOM MINERAL LLC       TONY ROSS DAIRY SERVICE
PO BOX 893                       1276 FM 2560                     PO BOX 1022
SULPHUR SPRINGS, TX 75483-0893   SULPHUR SPRINGS, TX 75482-7708   SULPHUR SPRINGS, TX 75483-1022



Texas State Comptroller          U.S. Attorney General            US Trustee
Capitol Station                  Department of Justice            Office of the U.S. Trustee
Austin, TX 78774-0001            Main Justice Building            110 N. College Ave.
                                 10th & Constitution Ave., NW     Suite 300
                                 Washington, DC 20530-0001        Tyler, TX 75702-7231

United States Attorney           United States Trustee
110 North College Ave., Ste. 700 110 North College Ave., Ste. 300
Tyler, TX 75702-0204             Tyler, TX 75702-7231
```

        The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
        by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Internal Revenue Service -
Centralized Insolvency Operations
PO Box 21126
Philadelphia, PA 19114-0326
```

        The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)FARM BUREAU                   End of Label Matrix
                                 Mailable recipients    37
                                 Bypassed recipients     1
                                 Total                  38
```

Label Matrix for local noticing
0540-4
Case 10-43555
Eastern District of Texas
Sherman
Wed Oct 13 15:18:11 CDT 2010

ACCELERATED GENETICS
E 10890 PENNY LANE
BARABOO, WI 53913-9408

AGCO FINANCE LLC
PO BOX 9263
DES MOINES, IOWA 50306-9263

AGRILAND, FLCA
3210 WNW LOOP 323
TYLER, TX 75702-1302

ALLROUNDER DAIRY
1160 CR 3310
PICKTON, TX 75471-3719

AMERICAN EXPRESS
PO BOX 650448
DALLAS, TX 75265-0448

Attorney General of Texas
Bankruptcy Reporting Contact
OAG/CSD/Mail Code 38
P.O. Box 12017
Austin, TX 78711-2017

Attorney General of Texas
Taxation Division - Bankruptcy
Box 12548 Capitol Station
Austin, TX 78711-2548

BAKER
123 N. WALNUT STREET
PEABODY, KS 66866-1059

C. MILLER DRILLING
7355 EAST SH 154
WINNSBORO, TX 75494

CAPITOL ONE CARD
PO BOX 60599
CITY OF INDUSTRY, CA 91716-0599

CENTRAL PLAINS TRADING, LLC
4330 SHAWNEE MISSION PARKWAY
STE 210
FAIRWAY, KS 66205-2522

CITIBUSINESS CARD
PO BOX 183051
COLUMBUS, OH 43218-3051

CITIBUSINESS CREDITCARDS
PO BOX 183051
COLUMBUS, OH 43218-3051

COMMODITY SPECIALISTS COMPANY
PO BOX 1450
MINNEAPOLIS, MN 55485-1450

COMMODITY SPECIALISTS COMPANY
PO BOX 802233
KANSAS CITY, MO 64180-2233

COMMUNITY BANK
PO BOX 2100
SULPHUR SPRINGS, TX 75483-2100

CRYSTAL FEED MILLS, INC
PO BOX 19
COMO, TX 75431-0019

DISCOVER
PO BOX 6103
CAROL STREAM, IL 60197-6103

Robert T. DeMarco
DeMarco-Mitchell, PLLC
1255 West 15th St., 805
Plano, TX 75075-7225

FARM BUREAU
7420 FISH POND ROAD
WACO, TX 76710-1095

FRAZER FROST
125 S STATE COLLEGE BLVD
SUITE 300
BREA, CA 92821

GOOD NATURE
149 BUD-MIL DR.
BUFFALO, NY 14206-1801

GREEN TREE
PO BOX 6158
RAPID CITY, SD 57709-6158

HOPKINS COUNTY VETERINARY CLINIC
129 HILLCREST DR
SULPHUR SPRINGS, TX 75482-3644

Leonardus Gerardus Heijligers
6414 FM 2653 S
Cumby, TX 75433

Ingeborg Lamberta Heijligers-DeSchepper
6414 FM 2653 S
Cumby, TX 75433

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

LEGACY LAND BANK, FLCA
PO BOX 468
SULPHUR SPRINGS, TEXAS 75483-0468

LIVINGSTON MACHINERY
PO BOX 666
HIGHWAY 81 SOUTH
CHICKASHA, OK 73023-0666

```
MICRO DAIRY LOGIC                    NORTHEAST TEXAS FARMERS COOP         PHI FINANCIAL SERVICES
PO BOX 9262                          PO BOX 489                           PO BOX 660635
311 N ARTHUR STR                     SULPHUR SPRINGS, TX 75483-0489       DALLAS, TX 75266-0635
AMARILLO, TX 79107-5439


POTTS GAS                            SEC                                  SPRINT PETROLEUM, INC
PO BOX 141                           100 F Street, NE                     PO BOX 893
EMORY, TX 75440-0141                 Washington, DC 20549-2001            SULPHUR SPRINGS, TX 75483-0893


SUNBELT CUSTOM MINERAL LLC           TONY ROSS DAIRY SERVICE              (p)TOYOTA MOTOR CREDIT CORPORATION
1276 FM 2560                         PO BOX 1022                          PO BOX 8026
SULPHUR SPRINGS, TX 75482-7708       SULPHUR SPRINGS, TX 75483-1022       CEDAR RAPIDS IA 52408-8026


Texas State Comptroller              U.S. Attorney General               US Trustee
Capitol Station                      Department of Justice               Office of the U.S. Trustee
Austin, TX 78774-0001                Main Justice Building               110 N. College Ave.
                                     10th & Constitution Ave., NW        Suite 300
                                     Washington, DC 20530-0001           Tyler, TX 75702-7231


United States Attorney               United States Trustee
110 North College Ave., Ste. 700     110 North College Ave., Ste. 300
Tyler, TX 75702-0204                 Tyler, TX 75702-7231
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Internal Revenue Service -           TOYOTA
Centralized Insolvency Operations    PO BOX 8026
PO Box 21126                         CEDAR RAPIDS, IA 52409
Philadelphia, PA 19114-0326
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)FARM BUREAU                       End of Label Matrix
                                     Mailable recipients    43
                                     Bypassed recipients     1
                                     Total                  44
```